MARY C. A. DONALD ET AL. *v.* JOHN P. UNGER ET AL.

1. NUNCUPATIVE WILL.    *Last sickness.*    *Code* 1892, § 4492.

An illness which lasted for two or three months, and during which the person afflicted had ample time and opportunity, after being fully advised that recovery was impossible, to make a written will, and after repeated efforts so to do, is not a "last sickness," within the meaning of code 1892, § 4492, authorizing nuncupative wills "in the time of the last sickness of the deceased."

2. SAME.    *Instructions for a written will.*

Verbal instructions for drawing up a written will cannot be admitted to probate as a nuncupative will.

FROM the chancery court of Attala county.

HON. A. M. BYRD, Chancellor.

This was a proceeding to establish a nuncupative will as having been made by Elizabeth Julia Ann Unger, deceased. The facts, so far as necessary to an understanding of the decision, are stated in, or are clearly inferable from, the opinion of the court.

*Calhoon & Green,* for appellants.

In the case at bar it was not pretended that the testratrix was in the last extremity; on the contrary, the evidence shows that she contemplated having the will written, and that the words relied on as a will were spoken a week or ten days before death; that the last sickness continued for a long time. The court, in *Andrews* v. *Andrews*, 48 Miss., 220, cite with approval two cases from Pennsylvania, and in that state the strict construc-

tion rule is followed.   In Porter's appeal, 10 Barr, 259, 260, citing *Yarnel* v. *Yarnel*, 4 Raw., 46, one of the cases cited in *Andrews* v. *Andrews*, the court says: "Nuncupative wills, although tolerated, are not favored, and are only to be endured in the precise exigency contemplated by the statute; that is, when there is no time to make a written will." *Hebden's will*, 20 N. J. Eq., 477.   In *Carroll* v. *Bonham*, 42 N. J. Eq., 625, a nuncupative will, made nine days before death, with time and capacity to subsequently make a written will, was refused probate. In *Morgan* v. *Stevens*, 78 Ill., 287, six days intervened, and probate was denied.   In *Andrews* v. *Andrews*, 48 Miss., 220, our court sanctions the reasoning of the Illinois court in *Arnett* v. *Arnett*, 27 Ill., 247.   Hence, the statutory requirement as to the time of making the will was not complied with.   "There ought to be present, in order to constitute a nuncupative will, not only *animus testandi*, but the mind and intent to nuncupate." *Porter's appeal*, 10 Barr (Pa.), 259.   Where the intent is to make a written will, and that for any reason fails of execution, the court cannot interpret it a nuncupative will.   *Ib.*, 260. Verbal directions for the preparation of a will cannot be proven as a nuncupative will.   *Dockman* v. *Robinson*, 26 N. H., 372. *Burch* v. *Stovall*, 27 Miss., 725, is not in point, for there the testatrix, while desiring to make a written will, and had given directions to that effect, became apprehensive of sudden death, and before the will was prepared proceeded to and did make a valid nuncupative will, independently entirely of her effort to have the will written.   Here the directions were in aid of the preparation of the written will.

*Dodd & Armistead*, for the appellees.

We submit to the court that the record in this cause shows a literal compliance with § 4492 of the code of 1892, and that the issues in this case were fairly presented to the jury under the instructions of the court, and the verdict admitting the will to probate settles all issues now presented for consideration.   A

careful reading of the record shows plainly and clearly that the *animus testandi* existed. The *rogatio testim*, or calling upon witnesses, is clearly shown. All questions as to what the intention of the testatrix was in calling parties to her bedside and disposing of her estate, is completely and finally settled by the testimony. In support of our contention we submit the following authorities of our own state: *Burch* v. *Stovall*, 27 Miss., 725; *Parkison* v. *Parkison*, 12 Smed. & M., 672; *Gibson* v. *Gibson*, Walker, 364; *Garner* v. *Lansford*, 12 Smed. & M., 558; *Andrews* v. *Andrews*, 48 Miss., 220.

Whitfield, J., delivered the opinion of the court.

Whether the phrase "last sickness," in § 4492, code of 1892, means *in extremis* in the sense that the party must not have reasonable time and opportunity to make a written will (as clearly intimated in *Lucas* v. *Goff*, 33 Miss., 644, and *Parkison* v. *Parkison*, 12 Smed. & M., 678, following *Prince* v. *Hazletine*, 20 Johnson 502, and the weight of authority), or not, as held in *Johnson* v. *Glasscock*, 2 Ala. (N. S.), 242, we think it is manifest —even under the views suggested in *Sadler* v. *Sadler*, 60 Miss., 251—on the facts of this case, that the alleged will cannot be upheld as a nuncupative will. See authorities on this point collected in Beach on Wills, sec. 8, and in note to *Sykes* v. *Sykes*, 20 Am. Dec., 45. The last sickness here lasted two or three months; the alleged nuncupation took place a week or ten days before her death; the alleged testatrix had the amplest time and opportunity to make a written will, even after she was "positively and emphatically" told by the physician—her son —that she could not possibly recover, and after that repeatedly tried to have a written will made, and one was at last prepared too late. Her purpose manifestly was to make a written will. It cannot be said that the alleged nuncupation was made here in such "last sickness" as is meant by the statute. Without now defining that phrase precisely, but resting this case on its concrete facts, the most that could be said is, that Mrs. Unger

·did give verbal instructions as to how her will should be written; but this is unavailing here, for the double reason that she is not shown, by the "clearest and most indisputable evidence," (*Lucas* v. *Goff, supra*) to have spoken the words in her "last sickness," within the meaning of the statute, and because "verbal instructions for drawing up a written will cannot be admitted to probate as a nuncupative will." Beach on Wills, sec. 4, notes 15 and 16, with authorities, and note to *Sykes* v. *Sykes*, 20 Am. Dec., 46; *Jackson* v. *Robinson*, 26 N. H., 372. We have not thought it necessary to notice the other errors assigned.

*Decree reversed and petition dismissed.*