This proceeding was instituted before the clerk for probate in solemn form of the nuncupative will of Susan Thomas Kennedy. On appeal, his Honor, at the close of the propounder's evidence, held that the evidence was not sufficient in law to establish a nuncupative will, and entered judgment that it was not entitled to be probated and recorded.
Appeal by propounder.
The facts, as condensed from the record, are: The deceased, with the intention of making a written will, dictated instructions to her friend, Minnie I. Knox, some nine months before her death, and Minnie I. Knox made written notes as to the disposition which the deceased desired to make of her property. Such instructions were delivered some two or three months later, at the request of the deceased, to Robert Ruark, an attorney, with the request that he should (338) prepare a form of written will, embodying the wishes of the deceased, as set forth in the said notes. The said attorney did prepare a form or draft of a written will, embodying the wishes of the deceased, as expressed in the said notes, which will was delivered by him to the witness J. J. Knox and by him in turn delivered to Minnie I. Knox. All of this occurred some months before the death of the deceased, but while the deceased was sick, and from which sickness she did not recover. Upon a number of occasions during the six months thereafter the draft of the will was carried by Minnie I. Knox to the home of the deceased and conversations had between her and the deceased concerning the same. On two occasions, at least, Minnie I. Knox was accompanied by the witness J. J. Knox. It also appears that from time to time the deceased put off and delayed the execution of the written will. Eleven days before her death the written will was *Page 329 
carried by Minnie I. Knox to the home of the deceased, she being accompanied by the witness J. J. Knox. The deceased was at the time sick and in bed, and apparently had abandoned hope of recovery. The matter of the execution of the will was brought to her attention, and the importance of its execution, if she desired to make a written will, was mentioned to her by the witness J. J. Knox. On that occasion the deceased declared her inability, because of physical infirmity, to go through the ceremony of executing the will, and also declared her belief that she would never be able to do so. She was informed by the witness Minnie I. Knox that the paper contained the provisions which she had dictated to her, but the contents were not read over to her nor stated. In the presence of Minnie I. Knox and J. J. Knox, and while she was sick and in bed, she stated to them that the paper was all right — that it contained her wishes with reference to the disposition of her property, and that she wished them to see that her wishes, as expressed in the paper, were carried out. There was evidence of the testamentary capacity of the deceased at the time. She was in her last illness, in her own habitation, and in possession of her faculties.
This paper-writing is condemned by the Revisal, sec. 3113, unless it is authorized to be probated as a nuncupative will, under the Revisal, sec. 3127 (3).
It is evident that the "instructions" were not intended as a nuncupative will at all. The deceased was giving instructions many months before her death for the preparation of a written will, which failed of being perfected. It cannot be taken as a compliance with the requirements as to a nuncupative will, for more reasons than one. The testator did not state her wishes in the presence of two witnesses, (339) nor "specially require them to bear witness thereto." It is true that Minnie I. Knox stated to the deceased that the paper had been written according to her previous instructions, and there is evidence that the deceased said in the presence of two witnesses that it contained her wishes as to the disposition of her property, and she wished them to see that the directions in the paper were carried out. Conceding that this was a sufficient request to them to be witnesses, yet the paper was not read over to her in their presence, nor were the contents even orally stated. M. I. Knox was doubtless sincere in saying to the deceased that the paper-writing contained her wishes, as dictated to her months before, but she may have misunderstood the deceased, or the lawyer may have misunderstood her. At any rate, there was no declaration, then and there, by the testatrix of her wishes, nor did she call upon two witnesses to bear witness as to the statement of her wishes (for she made none), and for the same reason they did not and could not reduce their recollection to writing within ten days. The "instructions" *Page 330 
were given many months previous; they were not intended at all for a nuncupative but for a written will, which, if read by the testatrix or read over to her, she might have corrected or amended before signing. That she was not decided is shown by her again and again putting off signing the paper drafted by counsel.
Certainly reference to a paper whose contents were not read over by the deceased, nor to her in the presence of two witnesses, cannot make such paper a nuncupative or oral will. Estate of Grossman, 175 Ill. 425; Knoxv. Richards, 110 Ga. 5; 30 A. E., 2 Ed., 564; McDowell v. Unger,75 Miss. 294; Mole's case, 49 N.J. Eq., 266; In re Hebden, 20 N.J. Eq.
That there must be a verbal statement of the testator's wishes in the hearing of two witnesses is indispensable. Even if the dictation of instructions for the drafting of a written will could be considered — since such dictation was not intended to be final, but to be submitted for revision and signature — still that dictation was made to only one witness and was not, in law, "during the last sickness," though there was no recovery from the sickness. Stricker v. Glover, 55 Pa. St., 386;McDowell v. Unger, 75 Miss. 294.
We are not inadvertent to, but cannot concur in, the appellee's contention that nuncupative wills are no longer legal in this State, because the exception in regard to them, in what is now the Revisal, sec. 3113, was stricken out in the Code of 1883. That was done doubtless (340) because unnecessary, since authority to probate them is expressly conferred by the Revisal, sec. 3127 (3), and the whole Revisal is to be construed together. The validity of nuncupative wills has been recognized by numerous cases since the clauses referred to have been stricken out, among them Newman v. Bost, 122 N.C. 533.
The judgment below is
Affirmed.